IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MIYOSHI ALLEN, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-5940 |
| | : | |
| BERNICE NELSON, | : | |
|     Defendant. | : | |

### MEMORANDUM

**SÁNCHEZ, J.**                                                    **JANUARY 5, 2026**

      Plaintiff Miyoshi Allen, an unrepresented litigant, commenced this action by filing a complaint pursuant to 42 U.S.C. § 1983, asserting violations of her constitutional rights and related state law claims arising from conduct engaged in by Defendant Bernice Nelson, who is alleged to be Allen's landlord.  Currently before the Court are Allen's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and her Complaint ("Compl." (ECF No. 2).[1]  For the following reasons, the Court will grant Allen leave to proceed *in forma pauperis*, dismiss her constitutional claim with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss her state law claim without prejudice for lack of subject matter jurisdiction.  Allen will be granted leave to file an amended complaint.

---

[1] Also pending is Allen's Motion for Default Judgment (ECF No. 5).  The motion will be denied because this case has not yet been served.

## I.    FACTUAL ALLEGATIONS[2]

Allen's allegations are brief.  She alleges that since 2007, she has been living at her current address, which she rents from her cousin, Defendant Nelson.  (Compl. at 4.)  Beginning on March 1, 2025, Nelson told others that Allen was not paying her rent, and that Allen had a lien on Nelson's property.  (*Id*.)  Allen alleges that these statements are false.  (*Id*.)  Because of these statements, friends and family now subject Allen to stares and whispers.  (*Id*.)  Allen claims that she has experienced emotional distress as a result of Nelson's wrongful claims about her character.  (*Id*. at 5.)  Additionally, she claims that she has suffered an unidentified physical injury because she has been "working harder so that my cousin won't keep destroying my character with false tales."  (*Id*.)  Allen asserts a Fourteenth Amendment due process claim.  (*Id*. at 3.)  The Court also liberally construes her Complaint as asserting a state law defamation claim.[3]  Allen seeks money damages.  (*Id*. at 5.)

## II.    STANDARD OF REVIEW

The Court will grant Allen leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether

---

[2] The factual allegations set forth in this Memorandum are taken from Allen's Complaint (ECF No. 2).  The Court adopts the pagination supplied by the CM/ECF docketing system.  Where appropriate, grammar, spelling, and punctuation errors in Allen's pleadings will be corrected for clarity.

[3] In her Complaint, Allen refers to 42 Pa. Stat. and Cons. Stat. § 5525(a), which describes causes of action subject to a four-year limitations period under Pennsylvania law.  (Compl. at 3.)  These include a variety of contract-based actions.  It is not clear why Allen refers to this statute, as none of the allegations in her Complaint plausibly allege a contract-based claim.  She also refers to 42 Pa. Stat. and Cons. Stat. § 5523, which describes causes of action subject to a one-year statute of limitations under Pennsylvania law.  Included are claims of libel, slander, and invasion of privacy, and the Court infers that Allen included a reference to this statute because she seeks to asserts a defamation claim against Nelson.

a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, the Court will accept the facts alleged in the *pro se* complaint as true, draw all reasonable inferences in the plaintiff's favor, and ask only whether the complaint, liberally construed, contains facts sufficient to state a plausible claim. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.  As Allen is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The Court will "apply the relevant legal principle even when the complaint has failed to name it." *Id.*; s*ee also Doe v. Allegheny Cnty. Hous. Auth.*, No. 23-1105, 2024 WL 379959, at *3 (3d Cir. Feb. 1, 2024) ("While a court must liberally construe the allegations and 'apply the applicable law, irrespective of whether the pro se litigant mentioned it be name,' *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002), this does not require the court to act as an advocate to identify any possible claim that the facts alleged could potentially support.").  However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Vogt*, 8 F. 4th at 185 (quoting *Mala*, 704 F. 3d at 245).  An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

Additionally, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*").  A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction.  *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))).

## III.   DISCUSSION

### A.   Section 1983 Claim

Allen asserts a Fourteenth Amendment due process claim.  (Compl. at 3.)  The vehicle by which federal constitutional claims may be brought in federal court is 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Allen's due process claim based on Nelson's conduct as her landlord is not plausible because Nelson is not a state actor.  *See Groman v. Twp. of Manalapan*, 47 F.3d 628, 638 (3d Cir. 1995) (explaining that state action is a "threshold issue" for § 1983 claims).

Allen asserts in conclusory fashion that Nelson acted under color of state law.  (Compl. at 4.)  Whether a defendant is acting under color of state law — i.e., whether the defendant is a state actor — depends on whether there is "such a close nexus between the State and the

challenged action' that seemingly private behavior may be fairly treated as that of the State itself." *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005) (internal quotations omitted). "To answer that question, [the United States Court of Appeals for the Third Circuit has] outlined three broad tests generated by Supreme Court jurisprudence to determine whether state action exists: (1) whether the private entity has exercised powers that are traditionally the exclusive prerogative of the state; (2) whether the private party has acted with the help of or in concert with state officials; and (3) whether the state has so far insinuated itself into a position of interdependence with the acting party that it must be recognized as a joint participant in the challenged activity." *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (internal quotations and alteration omitted). Additionally, "[a]ction taken by private entities with the mere approval or acquiescence of the State is not state action." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999). Rather, to support a finding of state action, "the government must be 'responsible for the specific conduct of which the plaintiff complains.'" *Borrell v. Bloomsburg Univ.*, 870 F.3d 154, 160 (3d Cir. 2017) (quoting *Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)).

Allen has not alleged facts to support a plausible conclusion that Nelson's conduct satisfies any of the foregoing tests, and nothing in her Complaint suggests any factual or legal basis for concluding that she is a state actor subject to liability under §1983. Moreover, courts in this jurisdiction and others have held that landlords are not state actors. *See, e.g.*, *Hussein v. New Jersey*, 403 F. App'x 712, 716 (3d Cir. 2010) (*per curiam*) (affirming dismissal of constitutional claims against landlord because landlord was not a state actor); *Dejesus v. Vicky*, No. 21-1403, 2021 WL 1546228, at *4 (E.D. Pa. Apr. 20, 2021 ) (dismissing § 1983 claim on statutory screening with prejudice because private individuals and entities involved in property rental are not state actors); *Benford v. Smith*, No. 04-337, 2005 WL 1325003, at *3 (E.D. Tenn. June 3,

2005) (finding that private landlords, even ones participating in the Department of Housing and Urban Development's Section 8 housing program, are not considered state actors and thus cannot be liable under § 1983). Accordingly, Allen's constitutional claim against Nelson will be dismissed because she has not plausibly alleged that Nelson is a state actor or was acting under color of state law. No leave to amend will be granted because any attempt to amend this claim would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (stating that leave to amend claims dismissed on screening should generally be granted "unless amendment would be inequitable or futile.")

### B.    State Law Defamation Claim

The Court understands Allen to be asserting a state law claim for defamation based on Nelson's statements that she has failed to pay rent. However, having dismissed her federal claim, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claim Allen seeks to assert. Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required. This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co.*, 800 F.3d at 104 (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)). An individual is a citizen of the state where she is domiciled, meaning the state where she is physically present and intends to remain. *See Washington v.*

6

*Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011). Residence alone is insufficient to establish domicile. *Krasnov v. Dinan*, 465 F.2d 1298, 1300 (3d Cir. 1972) ("The fact of residency must be coupled with a finding of intent to remain indefinitely."). Rather, "domicile is established by an objective physical presence in the state or territory coupled with a subjective intention to remain there indefinitely." *Hovensa LLC*, 652 F.3d at 344.

Allen does not allege the citizenship of the parties. Rather, she provides only Pennsylvania addresses for both herself and Nelson. (*See* Compl.) Accordingly, she has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims she seeks to pursue. Her state law claims will be dismissed without prejudice for lack of subject matter jurisdiction. She will be granted leave to amend to establish the existence of diversity jurisdiction if she can do so. In the alternative, Allen can assert her claim in state court where diversity of citizenship is not an issue.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Allen leave to proceed *in forma pauperis*, dismiss her constitutional claim with prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and dismiss her state law claim without prejudice for lack of subject matter jurisdiction. Allen will be granted leave to file an amended complaint.

An appropriate Order accompanies this Memorandum.

**BY THE COURT:**

**/s/ Juan R. Sánchez**
**JUAN R. SÁNCHEZ, J.**